## JOHNSON *v.* FISHER.

A wrote to B, requesting further time to C, in which to dispose of certain goods on sale by C, and which B had demanded of C to return, concluding : " I think you had better let him (C) have, until sometime in November, when I will be there and see that all the goods he is unable to send back at that time shall be paid for. So far I guarantee," which proposition was accepted by B; *held,* that the guaranty was limited, and at most that B could recover damages only to the value of the goods sold in the interim between the date of the acceptance of the proposition, and the month of November.

*Error to County Court of Arapahoe County.*

THE case is stated in the opinion. The defendant below had judgment for costs.

Messrs. BUTLER & WRIGHT, for plaintiff in error.

Mr. JOHN W. HORNER, for defendant in error.

THATCHER, C. J. Charles Johnson, a merchant in Denver, shipped goods at various times during the spring and summer of 1876, to John C. Fisher, at Caribou, to sell on commission. John C. Fisher is the son of the defendant in error. He was accountable to Johnson for all goods consigned to him at their billed price, but was at liberty to return the unsold goods to Johnson, who was to receive them at the price at which they had been billed.

Business being dull at Caribou, but few and small remittances were made to Mr. Johnson. Becoming dissatisfied, Johnson, September 11, 1876, wrote a letter to John C.

Fisher, directing him to continue his sales only until October 1st, and then demanding that he should return to him whatever balance he still had on hand.  His father, the defendant in error, desiring that the time should be extended within which the goods might be sold, wrote to the plaintiff in error the 24th day of the same month, from Howardsville, requesting him to forbear for a time.   In this letter he says:  "I just received a letter from my son in Caribou, in which he says you have requested him to send back the goods he has remaining unsold on the 1st of October. Now he has given me his reasons for not sending you money for one month, and they are good ones, and I think you had better let him have until some time in November, when I will be there and see that all the goods he is unable to send back at that time shall be paid for.  So far, I guarantee."

This letter was answered by Johnson, accepting the proposition.   The natural interpretation of this letter is, that if the proposition therein contained should be acceded to, he would guarantee payment for all the goods then on hand that should not be returned in November.

It does not purport to be a guaranty for past indebtedness.   It relates only to the goods whose return Johnson had requested.   Guardedly, in the closing words of his letter, viz.:  "So far, I guarantee," he limits his undertaking.   In the most favorable view for the plaintiff, the measure of damages recoverable would be the value of goods sold in the interim between the date of the acceptance of the proposition contained in the letter, and the month of November.   What goods, or the value thereof, were on hand when the proposition was accepted, nowhere appears. The evidence shows, that in May, 1877, goods were returned to the plaintiff of the value of $116.89.    For aught that appears, it cannot be said that when the proposition to guarantee was accepted, there were any other goods on hand.   There is no evidence that a sale of any was made in the interim.   Although the testimony of the defendant's

son was taken, the plaintiff did not interrogate him as to the value of the goods on hand. As it does not appear that there was a breach of the guaranty, the court below properly held that there could be no recovery.

The judgment will be

*Affirmed.*